Michael A. Barcott
HOLMES WEDDLE & BARCOTT, P.C.
3101 Western Avenue, Suite 500
Seattle, Washington 98121
Telephone:(206) 292-8008
Facsimile: (206) 340-0289
Email:     mbarcott@hwb-law.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UIC BOWHEAD TRANSPORT, LLC, an
Alaska limited liability company,

Plaintiff,

v.

CANPAC MARINE SERVICES INC., a
foreign corporation,

Defendant.

IN ADMIRALTY
(Fed. R. Civ. P. 9(h))

Case No. _____

## COMPLAINT FOR BREACH OF CONTRACT

### I.     NATURE OF THE ACTION

1.     Plaintiff UIC Bowhead Transport, LLC ("Bowhead") brings this *in personam* admiralty and maritime action against Defendant Canpac Marine Services Inc. ("Canpac") to recover unpaid charter hire and other contract charges due under a written Time Charter Agreement dated January 9, 2025, for the vessels SEA HAWK and ARCTIC SEAL.

COMPLAINT FOR BREACH OF CONTRACT
*UIC Bowhead Transport, LLC v. Canpac Mariner Services Inc.*
Case No. _____ - Page 1 of 6

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

2. Bowhead agreed to provide, and Canpac agreed to hire, the vessels to support Canpac's "Fiber Laying Yukon River 2025" project in Alaska.

3. The Agreement required Canpac to pay hire and other charges as set forth in the Agreement, its Special Agreements, and Attachment 1. The Agreement made specified minimum charges non-cancellable and due upon termination or completion if not previously satisfied.

4. Canpac breached, repudiated, and/or wrongfully terminated the charter and failed to pay the amounts due. Despite demand, Canpac has not paid.

5. Bowhead seeks judgment for $ 3,420,852.63, plus contractual prejudgment interest at 1.5% per month from September 7, 2025 until entry of judgment, post-judgment interest as allowed by law, and such other relief as the Court deems just and proper.

## II. JURISDICTION AND VENUE

6. This Court has original admiralty and maritime jurisdiction under 28 U.S.C. § 1333(1). This action is designated as an admiralty or maritime claim within the meaning of Fed. R. Civ. P. 9(h).

7. This Court has personal jurisdiction over Canpac because Canpac consented in the Time Charter Agreement to the *in personam* jurisdiction of the state or federal courts located in Anchorage, Alaska, waived any objection to venue in those courts, and waived any claim of forum non conveniens.

8. Venue is proper in this District because the parties agreed that any dispute arising from or relating to the Agreement shall be brought in the state or

COMPLAINT FOR BREACH OF CONTRACT
*UIC Bowhead Transport, LLC v. Canpac Mariner Services Inc.*
Case No. _____ - Page 2 of 6

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Case 3:26-cv-00181-HRH    Document 1    Filed 04/29/26    Page 2 of 6

federal courts located in Anchorage, Alaska, and because the charter was to support operations in Alaska, including Seward and Emmonak.

9. All conditions precedent to this action have been performed, excused, waived, or otherwise satisfied.

### III. THE PARTIES

10. Bowhead is an Alaska limited liability company with its principal place of business at 6700 Arctic Spur Road, Anchorage, Alaska 99518.

11. Canpac is a Canadian corporation with its principal place of business at 5 Senator Road, Unit 7, North Vancouver, British Columbia V7P 3H9, Canada.

### IV. FACTUAL ALLEGATIONS

12. On or about January 9, 2025, Bowhead and Canpac entered into a written Time Charter Agreement. Under that Agreement, Bowhead agreed to let, and Canpac agreed to hire, on a time charter basis, the SEA HAWK and ARCTIC SEAL to support Canpac's Yukon River 2025 fiber-laying project in Alaska.

13. The Agreement identified delivery points in Seward, Alaska for the SEA HAWK and Emmonak, Alaska for the ARCTIC SEAL, with mobilization and demobilization dates to be determined by Canpac.

14. Section 2 of the Agreement required Canpac to pay hire to Bowhead as set forth in Attachment 1 and further provided that payment was due within thirty (30) days of invoice, and overdue invoices would bear interest at 1.5% per month.

15. The Special Agreements to the charter provided, among other things, for the following:

COMPLAINT FOR BREACH OF CONTRACT
*UIC Bowhead Transport, LLC v. Canpac Mariner Services Inc.*
Case No. _____ - Page 3 of 6

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

a. Pre-mobilization fee of $125,000.00;

b. Mobilization fee of $583,946.33;

c. the SEA HAWK carried a required minimum charge of not less than 60 days at the daily rate, which is $1,224,000.00;

d. the ARCTIC SEAL carried a required minimum charge of not less than 60 days at the daily rate which is $807,600.00;

e. guest meals carried a minimum of 60 days for not less than 14 personnel; which is $171,360.00; and

f. Demobilization fee of $508,946.30.

16. The Special Agreements of the charter were all essential and fundamental terms of the parties' agreement, and further provided that the required minimum charges were "in full force and effect upon execution," were "non-cancellable," and were "due upon termination or completion of this agreement if not previously satisfied."

17. Section 13(D) of the Agreement further provided that, if the Agreement was terminated for any reason, Bowhead is entitled to reimbursement for hire earned prior to termination together with mobilization and demobilization lump sums and any other charges as set forth in the Special Agreements and Attachment 1.

18. Bowhead performed its obligations to the extent required and, at all relevant times, stood ready, willing, and able to fully perform the charter.

COMPLAINT FOR BREACH OF CONTRACT
*UIC Bowhead Transport, LLC v. Canpac Mariner Services Inc.*
Case No. _____ - Page 4 of 6

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

19. Before completion of the charter as contemplated, Canpac breached, repudiated, and/or wrongfully terminated the charter and failed to honor its payment obligations.

20. Canpac's breach, repudiation, and/or termination triggered Bowhead's right to recover the non-cancellable required minimum charges and other sums due under the Agreement, including the contractually required mobilization and demobilization charges.

21. Despite invoicing and demand, Canpac has failed and refused to pay any part of the amounts due.

24. As a direct and proximate result of Canpac's breach, Bowhead is entitled to payment from Canpac under the terms of the charter in the principal amount of $3,420,852.63, exclusive of interest.

25. Under the Agreement, Canpac also owes interest at the contract rate of 1.5% per month on overdue invoices beginning September 7, 2025.

## V. COUNT I – BREACH OF MARITIME CONTRACT

26. Bowhead repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. The Time Charter Agreement is a valid and binding maritime contract.

28. Bowhead performed its obligations under the Agreement to the extent required, was excused from any further performance by Canpac's breach and repudiation, and/or stood ready, willing, and able to perform.

COMPLAINT FOR BREACH OF CONTRACT
*UIC Bowhead Transport, LLC v. Canpac Mariner Services Inc.*
Case No. _____ - Page 5 of 6

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289

Case 3:26-cv-00181-HRH    Document 1    Filed 04/29/26    Page 5 of 6

29. Canpac materially breached the Agreement by breaching, repudiating, and/or wrongfully terminating the charter and by failing to pay the sums due under the Agreement.

30. As a result of Canpac's material breach, Bowhead is entitled to recover at least $3,420,852.63, plus contractual prejudgment interest at 1.5% per month from September 7, 2025 until judgment, and post-judgment interest as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff UIC Bowhead Transport, LLC respectfully requests that the Court enter judgment in its favor and against Defendant Canpac Marine Services Inc. as follows:

A. For the principal amount of $3,420,852.63;

B. For prejudgment interest at the contract rate of 1.5% per month from September 7, 2025 until entry of judgment;

C. For post-judgment interest as allowed by law; and

D. For such other and further relief as the Court deems just and proper.

Respectfully submitted.

DATED this 29th day of April, 2026.

HOLMES WEDDLE & BARCOTT, P.C.

_/s/ Michael A. Barcott_
Michael A. Barcott, ABA #7705005
Attorney for Plaintiff

COMPLAINT FOR BREACH OF CONTRACT
*UIC Bowhead Transport, LLC v. Canpac Mariner Services Inc.*
Case No. _____ - Page 6 of 6

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121
TELEPHONE (206) 292-8008
FAX (206) 340-0289