# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UIC BOWHEAD TRANSPORT, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CANPAC MARINE SERVICES, INC.<br><br>　　　　Defendant.<br><hr>CANPAC MARINE SERVICES, INC.,<br><br>　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>DEPLOYCOM, LLC,<br><br>　　　　Third-Party Defendant.<br><hr>DEPLOYCOM, LLC,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>CANPAC MARINE SERVICES, INC.,<br><br>　　　　Counterdefendant. | Case No. 3:26-cv-00181-SLG |

## ORDER GRANTING PRELIMINARY INJUNCTION

On July 13, 2026, the Court granted Third-Party Defendant and Counterclaimant DeployCom, LLC's ("DepoyCom") request for an order to show cause and ordered Third-Party Plaintiff and Counterdefendant Canpac Marine Services, Inc. ("Canpac") to respond as to why DeployCom's request for a

preliminary injunction should be denied.[1]  Canpac filed its response on July 16, 2026,[2] and the Court held a hearing on DeployCom's request for a preliminary injunction the following day.[3]

DeployCom asserts that it is the owner of custom-manufactured submarine fiber optic cable and splice cases.  Under a Submarine Cable Services Agreement between DeployCom and Canpac, the cable and splice cases are currently held at Canpac's facility or a nearby marine terminal in Vancouver, British Columbia.[4] DeployCom seeks to take possession of the cable and splice cases and requests a preliminary injunction restraining and enjoining Canpac from "taking any action to prevent, obstruct, or interfere" with DeployCom's retrieval of this property and from "moving, shipping, transferring possession or control of, or otherwise changing the location of the fiber optic cable and splice cases."[5]  DeployCom contends that preliminary injunctive relief is necessary because if DeployCom is unable to retrieve the cable and splice cases by the third week of July, "it will be impossible to complete the installation during the current Yukon River operating

---

[1] Docket 19.

[2] Docket 27.

[3] Docket 36.

[4] Docket 16 at 3.

[5] Docket 16 at 2.

Case No. 3:26-cv-00181-SLG, *UIC Bowhead Transport, LLC v. Canpac Marine Services, Inc.*
Order Granting Preliminary Injunction
Page 2 of 8

Case 3:26-cv-00181-SLG     Document 37     Filed 07/20/26     Page 2 of 8

season before ice formation closes the installation window," and "[t]he resulting delay would last approximately one year, until June 2027."[6]

Canpac opposes the request for preliminary injunctive relief, asserting that DeployCom owes it more than $1.6 million, which DeployCom disputes, and that the cable and splice cases are "the only security Canpac holds for more than $1.6 million in invoiced and accruing charges that DeployCom has refused to pay."[7] Canpac also maintains that the irreparable harm that DeployCom asserts is economic, speculative, and largely "self-inflicted."[8]

Preliminary injunctive relief is "an extraordinary remedy never awarded as of right."[9] Parties seeking such relief must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.[10] Under the Ninth Circuit's sliding-scale approach, if the moving party shows "that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a

---

[6] Docket 16 at 4.

[7] Docket 27 at 2.

[8] Docket 27 at 14-15

[9] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[10] *Id.* at 20.

Case No. 3:26-cv-00181-SLG, *UIC Bowhead Transport, LLC v. Canpac Marine Services, Inc.*
Order Granting Preliminary Injunction
Page 3 of 8

preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the [moving party's] favor.'"[11]

Here, DeployCom has demonstrated a likelihood of success on its claim for immediate possesion of the cable and splice cases. The parties do not dispute that DeployCom owns this property or that DeployCom paid the purchase price for it and for its delivery to Vancouver, British Columbia. Canpac expressly acknowledges that "DeployCom owns the cable and splice cases."[12] Canpac asserts that it has a security interest in the cable and splice cases pursuant to New York law, which the parties agree is the applicable law here.[13] It focuses on the $50,000 per month in storage fees it has been billing DeployCom to store the cable and splice cases beginning in August 2025, although it appears clear that DeployCom never agreed to pay this storage fee.[14] And there is no indication in the record that Canpac is incurring this amount or any other amount in storage fees for the cable and splice cases; moreover, the parties' Agreement provides that "[t]he cable reels will be stored at Canpac's facility free of charge in a secure

---

[11] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

[12] Docket 27 at 8; *see also* Docket 11 (Amended Third-Party Complaint) ¶ 43 (The cable "remains the property of Deploycom."); ¶ 44 (DeployCom "has continued to leave its cable in Canpac's custody.").

[13] Docket 27 at 2.

[14] Docket 27 at 4-5.

Case No. 3:26-cv-00181-SLG, *UIC Bowhead Transport, LLC v. Canpac Marine Services, Inc.*
Order Granting Preliminary Injunction
Page 4 of 8

Case 3:26-cv-00181-SLG    Document 37    Filed 07/20/26    Page 4 of 8

location."[15]  On the present record, Canpac's disputed monetary claims do not defeat DeployCom's showing that it is entitled to the immediate possession of the cable and splice cases that it owns and has paid for.

DeployCom has also shown a likelihood of irreparable harm absent preliminary injunctive relief.  The cable and splice cases are custom-made for the Yukon River project and cannot readily be replaced within the limited installation season.[16]  Without prompt access to this property, DeployCom risks losing the current season and delaying the project for at least another year.[17]  Although some resulting losses may be economic, the inability to replace the project-specific materials within the seasonal window and the resulting loss of any opportunity to complete the installation this year cannot readily be remedied through a monetary damages award.

The balance of equities favors preliminary relief because without an injunction, DeployCom would remain unable to use the custom-manufactured property that it owns and paid for, and lose at least this installation season.  By contrast, Canpac's asserted hardship is that releasing the cable and splice cases will deprive it of its claimed security interest in that property for its disputed

---

[15] Docket 16-1 at 15, § 5.0B.

[16] Docket 16 at 4.

[17] Docket 16 at 11.

Case No. 3:26-cv-00181-SLG, *UIC Bowhead Transport, LLC v. Canpac Marine Services, Inc.*
Order Granting Preliminary Injunction
Page 5 of 8

Case 3:26-cv-00181-SLG    Document 37    Filed 07/20/26    Page 5 of 8

monetary claims.[18]  However, Canpac has not demonstrated that it has a viable security interest in the cable and spice cases and it may continue to litigate its claims and seek monetary damages from DeployCom as warranted.  The Court does acknowledge some risk to Canpac's barge on which it appears the cable and splice cases are presently situated when DeployCom removes the property.[19]  The Court will therefore require DeployCom to post a bond or other security with the Court in an amount equal to approximately ten percent of the purchase price of the cable and splice cases before their removal.[20]  That condition will adequately protect Canpac if Canpac's property (i.e. its barge) is damaged by DeployCom's removal of the cable and splice cases while the parties' separate contract dispute is adjudicated. The Court does not find that any additional security to Canpac is warranted.

The public interest also strongly favors the preliminary injunctive relief sought. The cable and splice cases are intended for a federally funded broadband project serving Alaskan rural communities[21] and permitting their timely use advances the public interest in avoiding further delay of that project.  Canpac's asserted interest in the enforcement of contracts does not mean that it is in the

---

[18] Docket 27 at 2.

[19] *See* Docket 28-5 at 3.

[20] See Docket 16-1 at 37 (showing $1,450,110 purchase price).

[21] Docket 16 at 4.

Case No. 3:26-cv-00181-SLG, *UIC Bowhead Transport, LLC v. Canpac Marine Services, Inc.*
Order Granting Preliminary Injunction
Page 6 of 8

public interest to keep the cable and splice cases on a barge in Vancouver instead of proceeding with the installation project in rural Alaska.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. **Preliminary Injunction.** Defendant and Third-Party Plaintiff Canpac Marine Services, Inc., its officers, agents, employees, attorneys, and all persons acting in concert or participation with any of them who receive actual notice of this Order, are hereby **RESTRAINED** and **ENJOINED** from taking any action to prevent, obstruct, or interfere with DeployCom, LLC's retrieval and removal of the following property ("Property"), no matter where the Property is located or stored:

- The submarine fiber optic cable (Type SOFC-SA(2.2)-50kN48G.652D), custom-manufactured by ZTT for the Yukon River Fiber – Segment 1 project ("Project"), including all cable reels and associated steel tanks; and

- All splice cases purchased by DeployCom from Power&Tel in connection with the Project.

2. **Affirmative Obligations**. Canpac shall not refuse, delay, condition, or impose any requirement upon DeployCom's removal and retrieval of the Property, including but not limited to demands for payment, execution of change orders or releases, or assertion of any lien or right of retention, pending further

Case No. 3:26-cv-00181-SLG, *UIC Bowhead Transport, LLC v. Canpac Marine Services, Inc.*
Order Granting Preliminary Injunction
Page 7 of 8

Case 3:26-cv-00181-SLG    Document 37    Filed 07/20/26    Page 7 of 8

order of this Court.  DeployCom shall bear all removal and retrieval costs, including any costs charged by third parties that are hired or retained by DeployCom.

3.    **Preservation.**  Pending DeployCom's removal and retrieval of the Property, Canpac, and all persons acting in concert or participation with Canpac in connection with the Property, shall preserve and maintain the cable and splice cases in their current condition, and shall not sell, transfer, assign, encumber, move, damage, dispose of, or otherwise exercise dominion over such Property in a manner inconsistent with this Order.

4.    **Security.** DeployCom shall first post cash or a bond with the Court pursuant to Rule 65(c) of the Federal Rules of Civil Procedure in the amount of $145,000.00 before retrieving the Property.

5.    **Duration.** This Preliminary Injunction shall remain in effect during the pendency of this action unless the Order is modified, dissolved, or superseded by further order of this Court.

6.    **Notice.**  DeployCom shall promptly file a notice with the Court when it has completed its retrieval and removal of the Property.

IT IS SO ORDERED on this 20th day of July, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:26-cv-00181-SLG, *UIC Bowhead Transport, LLC v. Canpac Marine Services, Inc.*
Order Granting Preliminary Injunction
Page 8 of 8
Case 3:26-cv-00181-SLG    Document 37    Filed 07/20/26    Page 8 of 8